# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON,<br><br>              Plaintiff,<br><br>       v.<br><br>ALLEN SCRIBNER, WARDEN, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:08-cv-00610-OWW-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff Efrem Stutson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 2, 2008.

I.     **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Property Loss Claim**

At the time of the events in question, Plaintiff was housed at California State Prison-Corcoran. Plaintiff's claim arises from the loss of his personal property, including court transcripts, and he seeks reimbursement for the costs of having the transcripts reproduced.

On June 23, 2005, Plaintiff was transported to an outside hospital in Bakersfield, where he remained for three days. Defendants Northcuff and Sanchez failed to properly secure Plaintiff's personal property following his transport to the hospital, which led to the loss of Plaintiff's property, including court transcripts. Plaintiff seeks to impose liability on Northcuff and Sanchez, along with Defendant Landry, who controlled the cell doors for the building, and Defendants Scriber and Martinez, who held supervisory positions.

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or

reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

In this instance, Plaintiff's personal property was lost or stolen through the alleged negligence of Defendants Northcuff and Sanchez. Their failure to secure Plaintiff's personal property does not rise to the level of a constitutional violation and Plaintiff therefore fails to state a claim upon which relief may be granted under section 1983.

## III.   **Conclusion and Recommendation**

Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. The identified deficiency is not curable through amendment, and the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:**   **October 7, 2008**             /s/ **Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE